### IN THE UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| ZACHARY DeWEESE | | |
| Plaintiff, | | |
| | | |
| v. | | No. 13-1576 |
| | | |
| THE CENTER FOR PREVENTION | | |
| OF ABUSE, et al | | |
| Defendant. | | |

### REPORT AND RECOMMENDATION

### I

This case was filed on December 9, 2013. The Plaintiff Zachary DeWeese is proceeding *pro se*. On January 10, 2014, the Court granted the Plaintiff's Motion for Leave to Proceed In Forma Pauperis and accordingly directed the United States Marshal to serve all of the Defendants in accordance with Federal Rule of Civil Procedure 4(i) once the Plaintiff submitted a properly redacted complaint. On February 3, 2014, after the Plaintiff filed his redacted complaint, summons was issued to all of the Defendants and forwarded to the Marshals for service. On February 19, 2014, summons as to the Defendant Richard Stewart was returned unexecuted, and then the summons sent to the Defendants Lori Cheek, Michelle Devos, Meredith Farley, and Lynda Sharp-Lower were returned unexecuted on March 5, 2014. On April 1, 2014, summons as to the Defendant Lorry Anderson was returned unexecuted.

On April 21, 2014, the Court entered a Text Order noting the Marshals' unsuccessful attempts at serving the individual Defendants listed above. The

1

Court explained that if the Plaintiff did not identify the individual Defendants' current, correct addresses by May 5, 2014, those Defendants may be dismissed without prejudice from this case for failure to comply with Federal Rule of Civil Procedure 4(m). Since April 21st, the Plaintiff has filed nothing with the Court regarding the individual Defendants' current, correct addresses though it is ultimately his burden to ascertain the correct addresses for service of process.

## II

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff-- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Specifically, here, since April 21st, the Plaintiff has not filed anything with the Court to indicate what efforts he made to identify current, correct addresses for the individual Defendants. Nor has the Plaintiff filed anything with the Court indicating good cause for the failure to serve Defendants Stewart, Cheek, Devos, Farley, Sharp-Lower, or Anderson within 120 days after his Complaint was filed. Even assuming the 120 days to accomplish service on the individual Defendants identified herein did not start running until the Plaintiff filed his redacted Complaint on January 17, 2014, he still did not meet the May 17, 2014 deadline.

## III

The Court accordingly recommends that Defendants Stewart, Cheek, Devos, Farley, Sharp-Lower, and Anderson be dismissed from this case due to

the Plaintiff's failure to timely serve them pursuant to Federal Rule of Civil Procedure 4(m).

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) working days after service of this Report and Recommendation. FRCP 72(b)(2); 28 USC § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Johnson v Zema Sys. Corp.*, 170 F3d 734, 739 (7th Cir 1999); *Lorentzen v Anderson Pest Control*, 64 F3d 327, 330 (7th Cir 1995).

Entered on May 20, 2014

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE